**FILED**
July 09, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ELI BLADIMIR FLORES RAMIREZ, A# 244 727 818,** <br><br> **Petitioner,** <br><br> **v.** <br><br> **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL.,** <br><br> **Respondents.** | § § § § § § § § § § § § | **NO. SA-26-CV-04207-OLG** |

## DISMISSAL ORDER

Before the Court is the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by *pro se* Petitioner Eli Bladimir Flores Ramirez on July 2, 2026. (Dkt. No. 1). Upon review, the Court finds that the Petition should be and hereby is **DISMISSED WITHOUT PREJUDICE** without service on Respondents.

The Fifth Circuit recently held that noncitizens, like Petitioner, who have entered and established "long-term residence in the United States" may be detained "under [§] 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Rodriguez v. Ortega*, ___ F.4th ___, No. 26-50183, 2026 WL 1906557, at *6, 16 (5th Cir. July 2, 2026). As Petitioner's detention commenced, by his own admission, on June 16, 2026, he has not yet been detained for 90 days. (Dkt. No. 1). Because Respondents' window to provide Petitioner with a bond hearing has not yet closed, the Court cannot find that his ongoing detention violates due process. In other words, Petitioner's due process challenge to detention sans bond hearing is not yet ripe and, therefore, must be dismissed without prejudice.[1] *See Rodriguez*, 2026 WL 1906557, at *16 (holding that

[1] Any statutory challenge to the application of § 1225(b)(2)(A)'s mandatory detention provision has been foreclosed by a divided panel of the Fifth Circuit and therefore subject to dismissal. *See Buenrostro-Mendez v. Bondi*, 166 F.4th

mandatory detention under 1225(b)(2)(A) does not violate due process so long as a bond hearing is "held within 90 days of the commencement of detention").

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon entry of this Order.

**SIGNED** on July 10, 2026.

ORLANDO L. GARCIA
United States District Judge

494, 500 (5th Cir. 2026) (holding that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States").